NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TERRY BURL SMITH, JR.,**
*Petitioner*

**v.**

**DEPARTMENT OF VETERANS AFFAIRS,**
*Respondent*

_____

2025-1591

_____

Petition for review of the Merit Systems Protection Board in No. CH-0714-23-0143-I-1.

_____

Decided:  January 21, 2026

_____

TERRY BURL SMITH, JR., Chicago, IL, pro se.

LAUREL DON HAVENS, III, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by ALBERT S. IAROSSI, PATRICIA M. MCCARTHY, BRETT SHUMATE.

_____

Before MOORE, *Chief Judge*, DYK and TARANTO, *Circuit Judges*.

PER CURIAM.

Terry Burl Smith, Jr. petitions for review of a final order of the Merit Systems Protection Board (Board) affirming an initial decision sustaining his removal from employment at the Department of Veterans Affairs (VA). We *affirm*.

## BACKGROUND

Mr. Smith was employed as a police officer for the VA in Chicago, Illinois for over seven years. Appx. 64–65.[1] In response to a report of seventeen rounds being fired from Mr. Smith's residence where he was hosting a party, the Chicago Police arrived at his home and found Mr. Smith standing near spent shell casings. Appx. 21; Appx. 67–68. Mr. Smith admitted he was in possession of a firearm and fired the gun. Appx. 21. The Chicago Police arrested Mr. Smith and charged him with Reckless Discharge of a Firearm, a Class 4 Felony. Appx. 21–22; Appx. 67. The VA suspended Mr. Smith's arrest authority pending the VA's investigation and case outcome in state court. Appx. 22. In his state court case, Mr. Smith pleaded guilty to Reckless Conduct and was sentenced to pay court fees and fines, as well as serve a two-year probation period. Appx. 24. Based on its investigation, the VA permanently suspended Mr. Smith's arrest authority. Appx. 24; Appx. 71. Following his suspension, the VA issued Mr. Smith a notice of proposed removal asserting two charges: (1) conduct unbecoming a federal employee; and (2) failure to meet position requirements based on Mr. Smith's lack of police arrest authority. Appx. 58–60. The notice included a *Douglas* Factor worksheet analyzing all twelve factors under the framework set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280 (1981). Appx. 61–63. The VA

---

[1] "Appx." refers to the appendix attached to Respondent's brief.

then formally notified Mr. Smith of its decision to remove him from employment with the VA.  Appx. 55–57.

Mr. Smith appealed his removal to the Board, Appx. 26, and in its initial decision, the administrative judge (AJ) affirmed the VA's removal, Appx. 43.  The AJ found "by undisputed evidence" the VA had proven the charges.  Appx. 32.  The AJ also found Mr. Smith failed to prove his affirmative defenses of race discrimination and due process violation.  Appx. 34–41.  Mr. Smith filed a petition for review with the Board.  Appx. 9–18.  The Board denied Mr. Smith's petition and affirmed the AJ's initial decision.[2]  Appx. 2.  Mr. Smith petitions for review.[3]  We have jurisdiction under 5 U.S.C. § 7703(b)(1)(A) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited.  Generally, we must affirm the decision unless we find it to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c).  We review the Board's legal determinations de novo and its factual findings for substantial evidence.  *Archuleta v. Hopper*, 786 F.3d 1340, 1346 (Fed. Cir. 2015).  When reviewing a penalty, the Board is required to determine whether the agency has responsibly balanced the *Douglas* factors. *Holmes v. U.S. Postal Serv.*, 987 F.3d 1042, 1047 (Fed. Cir. 2021).  "The determination of which *Douglas* factors apply

---

[2]    Although affirming otherwise, the Board modified the initial decision to apply Illinois law regarding collateral estoppel, an issue not raised on appeal.  Appx. 2.

[3]    Mr. Smith does not challenge the AJ's race discrimination findings on appeal.

in a particular case and the weight to be given the relevant factors lies primarily within the agency's broad discretion to determine the appropriate penalty for a particular case." *Zingg v. Dep't of Treasury, IRS*, 388 F.3d 839, 844 (Fed. Cir. 2004). We defer to the "agency's choice of penalty unless the penalty exceeds the range of permissible punishment specified by statute or regulation, or unless the penalty is so harsh and unconscionably disproportionate to the offen[s]e that it amounts to an abuse of discretion." *Id.* at 843 (citation omitted).

Mr. Smith argues the Board failed to properly weigh "key *Douglas* mitigating factors, including Petitioner's military and service record." Petitioner's Br. 2. Mr. Smith appears to ask us to reweigh the evidence under the *Douglas* factors to find the penalty imposed was unreasonable. *See, e.g., id.* (arguing his achievements were not "properly considered"); *id.* at 3 (alleging the Board "failed to fairly apply the *Douglas* factors"); Reply Br. 4 (arguing the Board failed to "meaningfully weigh" certain mitigating factors). Mr. Smith, however, fails to identify any information that should have been, but was not, considered by the Board, AJ, or deciding official.[4] As the AJ noted, the VA

---

[4] For the first time, Mr. Smith alleges in his Reply that certain e-mail communications show the deciding official considered placing Mr. Smith in another position before deciding to remove him. Reply Br. 4–5. Mr. Smith did not raise this issue in his opening brief, so this argument is forfeited. *McIntosh v. Dep't of Defense*, 53 F.4th 630, 641 (Fed. Cir. 2022). In any event, the AJ considered the record regarding the deciding official's consideration of alternate employment and credited the deciding official's testimony that he considered the issues of penalty and alternate employment separately. Appx. 40. The e-mail communications give no reason to disturb the AJ's determination that

"thoroughly and appropriately considered the relevant [*Douglas*] factors" in the *Douglas* Factor worksheet. Appx. 42–43. The AJ found the deciding official "to have given serious, independent consideration to the *Douglas* factors," and credited testimony "that he gave significant weight to the evidence that the appellant is a good human, a good person, and a loyal veteran." Appx. 42. The AJ noted that in the removal decision, the deciding official stated he considered Mr. Smith's "years of service, past work record, and other mitigating or extenuating circumstances" and agreed with the deciding official that the mitigating factors did not outweigh the seriousness of Mr. Smith's misconduct and other aggravating factors. Appx. 42–43. Based on these findings, the AJ determined (and the Board affirmed) that the VA's penalty of removal was reasonable and supported by substantial evidence. Appx. 41–43; *see* Appx. 2–3. In view of the record, we see no reversible error in the Board's determination that the VA did not abuse its discretion in concluding removal was the appropriate penalty. *Zingg*, 388 F.3d at 843.

Mr. Smith also contends he was denied due process when the Board "rel[ied] on undisclosed aggravating evidence regarding reassignment." Petitioner's Br. 2. Specifically, he alleges the "deciding official unfairly used [Mr.] Smith's failure to seek reassignment as an aggravating factor, without prior notice or an opportunity to respond." *Id.* As an initial matter, the AJ found the deciding official credibly testified he considered the issues of penalty and alternate employment independently of each other. Appx. 40. Moreover, the AJ found the deciding official notified Mr. Smith he was considering placing him in a different position within the agency if Mr. Smith would agree to it, which would have been a mitigation of Mr. Smith's

---

the penalty removal was supported by substantial evidence. Appx. 41–43.

proposed removal.  Appx. 39–40; *see* Appx. 58–63.  The AJ also found the deciding official offered Mr. Smith an opportunity to respond.  Appx. 39–40.  All of these findings are supported by substantial evidence, and Mr. Smith fails to show otherwise.  Mr. Smith therefore fails to show any reversible error in the Board's decision.

## CONCLUSION

We have considered Mr. Smith's remaining arguments and find them unpersuasive.  Accordingly, we *affirm*.

## AFFIRMED

### COSTS

No costs.